# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Fetch! Pet Care, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| Sandra Wang, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Fetch! Pet Care, Inc. ("Fetch!") brings this breach of contract and trademark infringement action against Defendant Sandra Wang. Fetch! seeks injunctive relief, monetary damages, and attorneys' fees and costs for Ms. Wang's breach of contract and unauthorized uses of Fetch!'s federally registered trademarks.

## PARTIES

1. Plaintiff Fetch! is a corporation organized under California law with its principal place of business in Livonia, Michigan.

2. Defendant Sandra Wang is an individual domiciled in Charlottesville, Virginia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction because there is complete diversity between Fetch! and Ms. Wang, and because the amount in controversy exceeds $75,000 exclusive of interest and costs. Fetch! is a citizen of California and Michigan, and Ms. Wang is a citizen of Virginia.

4. This Court also has subject matter jurisdiction because Fetch! alleges claims under the Federal Lanham Act, 15 U.S.C. §§ 1116(a), 1121. *See* 28 U.S.C. §§ 1331, 1338, and 1367.

5. This Court has personal jurisdiction over the parties because they have extensive contacts and business dealings in Michigan, including through the business transactions alleged in this Complaint. The parties have purposefully transacted business in Michigan, and Michigan transactions form the basis of Fetch!'s claims against Ms. Wang.

6. As described in more detail below, the parties are governed by a Franchise Agreement with a Michigan choice of law provision. The Franchise Agreement also includes a statement of consent to the jurisdiction and venue of the United States District Court presiding over Livonia, Michigan.

## ALLEGATIONS

7. Fetch! is in the business of granting franchises to qualified people. Franchisees contract with Fetch! for the right to own and operate Fetch! businesses,

which offer temporary pet custodial services. Franchisees also contract for access to proprietary Fetch! branding and business procedures.

8. Fetch! owns a Federal Trademark Registration for the trademark "FETCH" as used in connection with pet care services, including pet walking, exercising, sitting, overnight sitting, and visiting. United States Patent and Trademark Office ("USPTO") Registration No. 2,820,746 (the "Mark").

9. Ms. Wang assented to and entered a Franchise Agreement with Fetch! on March 30, 2022. A true and correct copy of the Franchise Agreement is attached as **Exhibit A**.

10. The Franchise Agreement details the procedures, methodologies, and standards for Ms. Wang to operate her Fetch! franchise.

11. The Franchise Agreement is for a ten-year term (through March 2032) and requires Ms. Wang to pay Fetch! fees and royalties in exchange for her access to and use of Fetch!'s proprietary procedures, methodologies, standards, and protected marks and branding.

12. Franchise Agreement Section V.D. ("Submitting Payments: Late Payment Fees") requires Ms. Wang to provide a "bank account and routing number to Franchisee's bank account from which Franchisor shall automatically deduct using virtual checking the Franchisee's weekly royalty and Franchise Operations Fee[.]" (*See* Franchise Agreement at § V.C., p. 13).

Case 2:25-cv-11457-SDK-KGA   ECF No. 1, PageID.4   Filed 05/16/25   Page 4 of 9

13. Ms. Wang breached the Franchise Agreement by stopping automatic payments and by otherwise failing and refusing to pay Fetch! her required royalties and fees.

14. Fetch! sent Ms. Wang a Notices of Termination with Opportunity to Cure on August 19, 2024 and September 24, 2024 (the "Notices"). A true and correct copy of the August 19, 2024 Notice is attached as **Exhibit B**.

15. Ms. Wang did not cure her defaults within thirty days of receiving either Notice.

16. On October 17, 2024, Fetch! filed a Demand for Arbitration against Ms. Wang with the American Arbitration Act (AAA) for Ms. Wang's unpaid royalties and other fees. Fetch! filed the Demand for Arbitration according to the arbitration clause in Ms. Wang's Franchise Agreement:

> XXIII. ARBITRATION
>
> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, including any claim that this Agreement or any part hereof is invalid, illegal, or otherwise voidable or void, excluding matters of collection, shall be submitted to final and binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, before a single arbitrator chosen in accordance with such rules, and judgment upon the award may be entered in any court having jurisdiction thereof; provided, however, that this provision shall not be construed to limit any rights which Franchisor may have to apply to any court of competent jurisdiction for injunctive or similar provisional relief. The substantive law of the state of Michigan shall be applied by the arbitrator. This arbitration provision shall be deemed self executing and in the event that any party fails to appear at any properly noticed arbitration proceeding, and award may be entered against such party notwithstanding the failure to appear. In the event that any party to this Agreement shall make demand for arbitration upon another, the parties agree that such arbitration shall be conducted in Livonia, Michigan.

(*See* Franchise Agreement at § XXIII, p. 37).

-4-

17. On March 24, 2025, Fetch! sent Ms. Wang a letter terminating her Franchise Agreement for her continued failure and refusal to pay Fetch! her required royalties and fees. A true and correct copy of the Termination Letter is attached as **Exhibit C**.

18. The Termination Letter explained Ms. Wang's post-termination obligations under Sections XV and XVI of her Franchise Agreement. The Franchise Agreement requires Ms. Wang to: (a) immediately and permanently stop holding herself out as a Fetch! business owner to the public; (b) immediately and permanently stop using Fetch!'s confidential methods, procedures, and techniques unique to its system; (c) immediately and permanently cancel or transfer to Fetch! the business phone numbers, domain names, and social media accounts used in connection with her Fetch! franchise; and (d) pay to Fetch! all sums owed under the Franchise Agreement, among other things. (*See* Franchise Agreement at § XC ("Obligations Upon Termination or Expiration"), pp. 30-32).

19. The Termination Letter also demanded that Ms. Wang comply with her post-termination non-competition covenant:

> C. Franchisee covenants that Franchisee shall not, except as otherwise approved in writing by Franchisor, during the term of this Agreement and for a continuous uninterrupted period commencing upon the expiration, termination (regardless of the cause for termination), transfer or assignment of this Agreement, and continuing for two (2) years thereafter, either directly or indirectly for itself, or through, on behalf of, or in conjunction with any person, persons, or legal entity, own, maintain, operate, engage in, be employed by, or have any interest in any business which provides in home pet or home care and any other related services the Franchisor offers similar in scope to the services offered under the System and Proprietary Marks and which is, or is intended to be, operated within the Target Area or within a radius of twenty-five (25) miles around the Target Area or within a radius of twenty-five (25) miles around the Target Area of any other franchisee.

(*See* Franchise Agreement at § XVI, p. 32).

20. Nevertheless, Ms. Wang is operating a pet care business ("Virginia Concierge, LLC d/b/a Charlottesville Pet Concierge") that is competing with Fetch! under the terms of her Franchise Agreement. Ms. Wang filed her "Charlottesville Pet Concierge" Fictitious Name Certificate with Virginia's Secretary of State on October 15, 2024.

21. Additionally, Ms. Wang is violating Fetch!'s rights in its registered trademark by using the "FETCH" name in connection with her Internet directory listings, Google Business Profile, and other "Charlottesville Pet Concierge" services.

22. Fetch! sent Ms. Wang a cease-and-desist letter on March 26, 2024. A true and correct copy of the Cease Letter is attached as **Exhibit D**.

23. Ms. Wang continues to operate a competing business and use Fetch!'s Marks without authorization.

24. Fetch! is seeking injunctive and other provisional relief. This dispute is accordingly excepted from the arbitration clause in Ms. Wang's Franchise Agreement.

## COUNT I
## BREACH OF CONTRACT

25. Fetch! hereby adopts and realleges by reference the allegations contained in paragraphs 1-24 above, as if fully set forth herein.

26. Fetch! and Ms. Wang executed the Franchise Agreement.

27. The Franchise Agreement is a legal and enforceable contract.

28. Ms. Wang breached the Franchise Agreements by failing to pay Fetch! past due royalties.

29. Ms. Wang breached the Franchise Agreement by continuing to use Fetch!'s federally registered Mark in connection with her Internet directory listings and Google Business Profile for her competing business, including continuing to use the online reviews associated with Ms. Wang's terminated Franchised Business that include Fetch!'s federally-registered Mark.

30. Ms. Wang breached the in-term and post-termination non-competition covenants by operating a competing business.

31. Ms. Wang's breaches of the Franchise Agreement directly and proximately caused Fetch! at least $100,000.00 in actual damages, plus additional interest and attorneys' fees that may accrue throughout this action.

32. Fetch! is entitled to injunctive relief requiring Ms. Wang to cease operating her competing business and cease use of Fetch!'s federally registered Mark in connection with her competing business.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT

33. Fetch! hereby adopts and realleges by reference the allegations contained in paragraphs 1-24 above, as if fully set forth herein.

34. Ms. Wang's infringing uses of Fetch!'s federally-registered Mark are likely to deceive or confuse the public into believing, contrary to fact, that Ms. Wang's business operations are licensed, franchised, sponsored, authorized, or otherwise approved by Fetch!, or are in some other way connected to, associated with, or affiliated with Fetch!.  These unlicensed uses infringe Fetch!'s exclusive rights in its Mark under § 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Ms. Wang's acts were done and are being done willfully, knowingly, and intentionally to cause confusion, mistake, or to deceive, and to damage Fetch! and its authorized franchisees.

   **WHEREFORE**, Fetch! prays for the following relief:

(a)   A judgment in favor of Fetch! and against Ms. Wang in the total amount of at least $100,000.00 in actual damages, plus accruing interest and attorneys' fees as allowed by contract and law;

(b) A judgment enjoining Ms. Wang from participating in a competitive business during the term and in the location proscribed by her Franchise Agreement;

(c) A judgment in favor of Fetch! and against Ms. Wang for the compensatory monetary damages she has caused by her trademark infringement under § 35 of the Lanham Act, 15 U.S.C. § 1117(a);

(d) An order enjoining Ms. Wang, and anyone acting through her, from using Fetch!'s federally-registered Mark, including immediate removal of all Google Business Reviews that include Fetch!'s Mark; and

(e) Such other and additional relief as this Court deems just and proper.

Respectfully submitted this 16th day of May, 2025.

By: */s/Stephen W. King*
Stephen W. King (P56456)
KING & ASSOCIATES, PLLC
355 S. Old Woodward, Suite 100
Birmingham, Michigan 48009
(248) 792-2398
sking@kingandmurray.com

Louis G. Fiorilla, Esq.
SAXTON & STUMP, LLC
280 Granite Run Dr., Ste. 300
Lancaster, Pennsylvania 17601
(717) 556-1067
lgf@saxtonstump.com

*Attorneys for Fetch! Pet Care, Inc.*